UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff, § | | |
| v. § | CIVIL NO. H-10-3236 | |
| § | | |
| LOT 25, BLOCK 1, OF TOWNE LAKE § | | |
| SECTION 2, A SUBDIVISION IN § | | |
| HARRIS COUNTY, TEXAS, § | | |
| Defendant. | | |

## MEMORANDUM AND ORDER

The United States asks this court to rely on Federal Rule of Procedure 4(f)(3) to allow substituted service of process on Sonia and Jovenal Cruz. Rule 4(f)(3) provides that persons located in a foreign country can be served "by other means not prohibited by international agreement, as the court orders." The Cruzes are believed to be residing in the Philippines.

This is a civil *in rem* forfeiture case against the Defendant Property, which is known as 9307 Lake Texoma Circle, Cypress, Texas. Sonia Cruz is the record owner of the Defendant Property, and Jovenal Cruz is her husband. The Cruzes have two adult sons. Title 18, United States Code, Section 985 ("Civil forfeiture of real property") permits notice to a property owner residing outside the United States to be made in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* 18

Case 4:10-cv-03236 Document 18 Filed in TXSD on 05/06/11 Page 2 of 3
Case 4:10-cv-03236 Document 17-2 Filed in TXSD on 05/05/11 Page 2 of 3

U.S.C. §§ 985(c)(1)(C) and (c)(2)(B).

This court finds that the United States reasonably believes that Sonia Cruz and Jovenal Cruz are located in the Philippines; that the United States has attempted to obtain service of process in the Philippines, but such service has not been accomplished; and that the United States reasonably believes that the Defendant Property is unoccupied. Based on the record, this court further finds that the Defendant Property was physically posted with the Complaint on September 27, 2010 (Dkt. No. 4); and that the United States published notice of the civil forfeiture action on the internet for thirty consecutive days, beginning on October 7, 2010 (Dkt. No. 9).

Constitutional due process requires service "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Other courts have approved substituted service pursuant to Rule 4(f)(3). *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir.2002) (holding "[w]ithout hesitation" that alternative method of service of process ordered by the district court was constitutionally acceptable and noting express agreement with the court's "use of Rule 4(f)(3) to ensure the smooth functioning of our courts of law"); *Nuance Commc'ns, Inc. v.*

*Abbyy Software House,* 626 F.3d 1222, 1240 (Fed. Cir. 2010) (reversing district court dismissal for improper service of process and noting for remand that pursuant to Rule 4(f)(3), substituted service on Russian entity's California sister company would be reasonable and would comport with constitutional notions of due process).

Having considered the United States Motion for Substituted Service of Process, the record, and the applicable law, the Court finds that substituted service on the Cruzes' adult sons satisfies due process because such service is reasonably calculated, under all the circumstances, to apprise the Cruzes of the pendency of the action and afford them an opportunity to present any claims to the Defendant Property.

The motion for substituted service is granted. It is ordered that the United States may serve process on Sonia Cruz and Jovenal Cruz by serving their children, Michael Cruz and Neil Cruz, with the complaint.

SIGNED on May 6, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge